IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TENNYSON HARRIS,                          :
                                          :
            Petitioner,                   :
                                          :
      vs.                                 :     CIVIL ACTION NO.: CV214-086
                                          :
                                          :
SUZANNE HASTINGS, Warden,                 :
                                          :
            Respondent.                   :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tennyson Harris ("Harris"), who is currently incarcerated at the Federal

Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Harris

filed a Response. For the reasons which follow, Respondent's Motion should be

**GRANTED** and Harris' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Harris was convicted in the Middle District of Florida, following a jury trial, of

conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846; he was sentenced to

240 months' imprisonment. Harris appealed, and the Eleventh Circuit Court of Appeals

affirmed his conviction and sentence. United States v. Harris, 49 F. App'x 288 (11th Cir.

2002). Harris filed a motion to vacate his sentence in the Middle District of Florida. That

court denied Harris' motion. Harris appealed the denial, and the Eleventh Circuit denied him a certificate of appealability.

Harris also was convicted, after a jury trial, in the District of Maryland of conspiracy to distribute and possession with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846. Harris was sentenced to 360 months' imprisonment. (Doc. No. 7-1, p. 2). The first 120 months of this sentence were to run concurrently with his sentence obtained in the Middle District of Florida, and the remaining 240 months were to run consecutively to his Middle District of Florida sentence. (Case Number CV205-210, Doc. No. 11, p. 2). The Fourth Circuit Court of Appeals remanded for resentencing based on United States v. Booker, 543 U.S. 220 (2005). United States v. Harris, 160 F. App'x 312 (4th Cir. 2005). The trial court determined that Harris was responsible for over 7,900 pounds of marijuana, and he was resentenced to 360 months' imprisonment. Harris' second appeal was dismissed as untimely filed, though he was allowed to file a timely appeal after the district court re-entered the judgment. The Fourth Circuit affirmed. United States v. Harris, 362 F. App'x 350 (4th Cir. 2010).

Harris filed a 28 U.S.C. § 2255 motion in the District of Maryland and asserted that he should not have been subject to a statutory mandatory minimum sentence because the jury was not properly instructed as to the amounts of drugs attributable to him. The district court found no error, and both it and the Fourth Circuit denied Harris' application for certificate of appealability.

Harris filed a previous § 2241 petition in this Court. Harris contended that he is a Jamaican national and that authorities in the Middle District of Florida and District of

2

Maryland violated Article 36 of the Vienna Convention on Consular Relations ("VCCR") by not informing him of his rights upon his arrests. Harris also contended that these authorities violated his rights by not informing the Jamaican government that a Jamaican citizen had been arrested. The undersigned recommended that Respondent's motion to dismiss be granted because Harris failed to satisfy the savings clause of § 2255. The Honorable Anthony A. Alaimo adopted this recommendation as the opinion of the Court. (CV205-210, Doc. Nos. 11, 14, 15). The Eleventh Circuit dismissed Harris' appeal because he failed to pay the filing fee.

In this petition, Harris asserts that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his sentence for two (2) reasons. First, he asserts that he is confined as a result of judgments from separate courts, and neither court can grant him the entirety of his requested relief. Second, Harris contends that he must use § 2241 to pursue his claims, which are based on a new constitutional rule, as set forth in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013).[1] Harris alleges that Alleyne establishes that he has actually innocent of the elements necessary to constitute his offenses because a jury did not find him guilty beyond a reasonable doubt. Harris also alleges that his sentence is beyond the statutory maximum. Respondent asserts that Harris fails to meet the savings clause of 28 U.S.C. § 2255.

---

[1] Alleyne overrules Harris v. United States, 536 U.S. 545 (2002), and holds that facts which increase mandatory minimum sentences must be submitted to a jury. Alleyne, ___ U.S. at ___, 133 S. Ct. at 2163–64.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in

AO 72A
(Rev. 8/82)

original) (internal citation and punctuation omitted). However, <u>Wofford</u>'s holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." <u>Williams</u>, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

<u>Id.</u> "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." <u>Smith v. Warden, FCC Coleman-Low</u>, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." <u>Id.</u> (citation omitted).

In <u>Bryant v. Warden, FCC Coleman–Medium</u>, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in <u>Begay [v. United States</u>, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in <u>Begay</u> applies retroactively on collateral review; (4) as a result of <u>Begay</u>'s new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); <u>and</u> (5) the

savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim
of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274 (11th Cir. 2013). A petitioner must satisfy all five (5) of these requirements to obtain relief under Bryant. Under Bryant, Harris must establish that the rule announced in the case upon which he relies, Alleyne, applies retroactively to cases on collateral review.

Following its decision in Bryant, the Eleventh Circuit has stated that Alleyne does not apply retroactively to cases on collateral review. In Chester v. Warden, 552 F. App'x 887, 890 (11th Cir. 2014), the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." The Eleventh Circuit stated, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Id. at 891 (citation omitted). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity." United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (citation omitted). The decision in Schriro v. Summerlin, 542 U.S. 348 (2004), supports the determination that decisions based upon Apprendi are not retroactively applicable on collateral review. The Supreme Court held in Schriro that the decision in Ring v. Arizona, 536 U.S. 584 (2002)—a case also based upon the principle established in Apprendi—"announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at 358.

6

Harris previously brought § 2255 motions in both districts of conviction. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Harris is attempting to bring a second or successive § 2255 motion pursuant to § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Harris relies upon Alleyne, which is merely an extension of Apprendi, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause or to proceed under § 225(h). Harris does not satisfy the savings clause, and the Court need not address the relative merits of his section 2241 petition. Because Harris has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Harris' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___16th___ day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)